# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITSUE TAKAHASHI,<br><br>       Plaintiff,<br><br>  vs.<br><br>MERCED COUNTY DEPARTMENT OF EDUCATION and MERCED COUNTY OFFICE OF EDUCATION<br><br>       Defendants. | CASE NO. CV F 09-1669 LJO GSA<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** (Docs. 4,5,6) |
| MITSUE TAKAHASHI,<br><br>       Plaintiff,<br><br>  vs.<br><br>MERCED COUNTY DEPARTMENT OF EDUCATION and MERCED COUNTY OFFICE OF EDUCATION<br><br>       Defendants. | CASE NO. CV F 09-1670 LJO GSA<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** (Doc. 4) |
| MITSUE TAKAHASHI,<br><br>       Plaintiff,<br><br>  vs.<br><br>BOARD OF EDUCATION OF LIVINGSTON UNION SCHOOL DISTRICT, HAROLD THOMPSON, DALE EASTLEE, and HAMILTON BRANNAN,<br><br>       Defendants. | CASE NO. CV F 09-1671 LJO DLB<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS** (Doc. 5) |

**INTRODUCTION**

This order consolidates motions to dismiss three actions initiated on the same day by plaintiff Mitsue Takahashi ("Ms. Takahashi").[1] On September 21, 2009, Ms. Takahashi, proceeding in propria persona, filed three separate lawsuits. Two of the actions arise from her termination of employment as a teacher in 1980. The third action arises from the defendants' failure to hire Ms. Takahashi for permanent employment in 1994. The defendants in each action moved to dismiss Ms. Takahashi's complaint with prejudice on grounds that her claims– 30 and 15 years old, respectively– are time-barred. For the following reasons, this Court dismisses with prejudice each of the three actions.

**BACKGROUND**

**Factual History**[2]

On July 1, 1960, Ms. Takahashi began her employment in Livingston, California on as a teacher. Ms. Takahashi was terminated from her job on or about November 14, 1980. CV-09-1671 Takahashi Compl., ¶12. At the time of her termination, Ms. Takahashi was a permanent employee of Livingston Union School District ("District"). Ms. Takahashi pursued administrative remedies against the District for wrongful termination and discrimination. Ms. Takahashi exhausted her administrative remedies on August 17, 1983, "when the Supreme Court of the State of California denied a hearing on" Ms. Takahashi's petition against the Board of Education of the Livingston Union School District ("Board"). CV-09-1671 Takahashi Compl., ¶17.

In 1994, Merced County ("County") and its Department of Education ("DOE") hired Ms. Takahashi on a temporary basis to work at a clerk. During her employment with County DOE, Ms. Takahashi applied for permanent positions. Although she tested at the top of the candidate list, Ms. Takahashi was never interviewed for, or offered, a position. Ms. Takahashi claims that County DOE discriminated against her on the basis of race, color, sex, national origin, and age. Moreover, Ms. Takahashi asserts that Count DOE failed to hire her for a permanent position in 1994 as retaliation.

---

[1] A fourth action, also filed on September 21, 2009 by Ms. Takahashi, is assigned to a different United States District Judge. This Court consolidates the motions before this Court sua sponte.

[2] In this Fed. R. Civ. P. 12(b)(6) motion, the Court relies on the complaint and documents attached to the complaints for the facts. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

**Past Litigation**[3]

Ms. Takahashi has litigated claims arising from her 1980 employment termination for three decades in both state and federal courts. Ms. Takahahsi initiated an action on July 8, 1983 against the Board "based on wrongful discharge sustained by the claimant on or about November 14, 1980." CV-09-1671 Takahashi Comp., Exh. B. Her long history of litigation stemming her employment termination in 1980 has been described in detail in published appellate court opinions. *See, e.g., California Teachers Ass'n v. Governing Board*, 144 Cal. App. 3d 27, 30-32 (1983), *cert. denied*, 465 U.S. 1008, 104 S.Ct. 1003, 79 L.Ed. 2d 235 (1984); *Takahashi v. Bd. of Educ. of Livingston Union Sch. Dist.*, 202 Cal. App. 3d 1464, 1468-71 (1988), *cert. denied*, 490 U.S. 1011, 109 S.Ct. 1654, 104 L.Ed. 2d 168 (1989); *Takahashi v. Bd. of Educ. Of Livingston Union Sch. Dist.*, 783 F.2d 848 (9th Cir. 1986), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed. 545 (1986).

Regarding the 1994 failure to employ, Ms. Takahashi filed a claim with the Employment Equal Opportunity Commission ("EEOC") on June 12, 2009. In her EEOC claim against County DOE, Ms. Takahashi asserted retaliation and discrimination on the basis of race, color, sex, national origin, and age. The EEOC dismissed as untimely Ms. Takahashi's claim on June 24, 2009.

**Instant Claims**

In three separate lawsuits, Ms. Takahashi asserts the same four causes of action against various defendants: (1) wrongful discharge; (2) conspiracy to defraud; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. In addition, in each action, Ms. Takahashi claims discrimination based on age, national origin, race, color, and gender.

In 09-CV-1669, Ms. Takahashi asserts her causes of action against Merced County Department of Education ("DOE") and the Merced County Office of Education ("COE") (collectively, "County defendants"). This action is based on the 1994 failure to hire. In 09-CV-1970, Ms. Takahashi asserts her claims against "NEA-CTA-MMCUC-LETA," identified as a labor union representing employees

---

[3] These facts are taken from either the complaint, the documents relied upon or attached to the complaint, and judicially-noticed documents. This Court takes judicial notice of the published judicial opinions related to Ms. Takahashi's past lawsuits, Ms. Takahashi's pending complaints in this Court, and Ms. Takahashi's claims filed with federal and state agencies, as they are matters of public record. *Intri-Plex. Tech., Inc. v Crest Group, Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007).

of a public agency (collectively "Union defendants").[4]  In 09-CV-1671, Ms. Takahashi asserts her causes of action against the Board, Harold Thompson (Board Superintendent), Dale Eastlee (District Principal during the 1977-78 and 1978-79 school years), and Hamilton Brannan (District Principal during the 1979-80 school year) (collectively "School defendants").  The latter two actions are based on the 1980 employment termination.

**Procedural History**

Ms. Takahashi filed her complaints on September 21, 2009.  On November 30, 2009, MMTU moved to dismiss 09-CV-1670 on behalf of the Union defendants and noticed a hearing for January 7, 2010.  On the same day, the School defendants moved to dismiss 09-CV-1971, noticing a January 12, 2010 hearing.  The County defendants filed a motion to dismiss 09-CV-1669 on December 14, 2009 and an amended motion to dismiss on December 15, 2009.  A hearing is set for the County defendants' motion on February 22, 2010.  Ms. Takahashi failed to oppose the Union defendants' and the School defendants' motions to dismiss.  Having considered the record, this Court finds these motions suitable for a decision without a hearing, vacates the hearings on the motions, and issues the following order.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.  This Court dismisses an action pursuant to Fed. R. Civ. P. 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted."  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

---

[4] The complaint does not spell out the acronyms of the named-defendants. In addition, Ms. Takahashi served the Summons on Merced/Mariposa Teachers UniServ ("MMTU") by substituted service. MMTU is affiliated with the California Teachers Association ("CTA") and the National Education Association ("NEA"). MMTU assumes it has been erroneously sued as MMCUC. As of this date, none of the other named defendants–NEA, CTA, and LETA–has been served with as Summons and Complaint.

# **DISCUSSION**

The events that form the basis of Ms. Takahashi's claims occurred in 1980 and 1994. As set forth above, Ms. Takahashi asserts four causes of action against all defendants: (1) wrongful discharge; (2) conspiracy to defraud; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. Defendants fault Ms. Takahashi's pleading on numerous grounds, including failure to exhaust administrative remedies, failure to state a claim that is plausible on its face, and collateral estoppel. In addition, all defendants point out that even if her allegations are true and properly presented, Ms. Takahashi fails to state a claim for which relief can be granted because her claims are untimely. For the following reasons, this Court dismisses Ms. Takahashi's untimely claims.[5]

Ms. Takahashi's federal discrimination claims are time-barred. Title VII requires an administrative complaint to be filed with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. §2000e-5(e)(1). The ADEA requires the same. 29 U.S.C. §626(d)(1)(B). Here, Ms. Takahashi filed her EEOC complaint on June 12, 2009. The EEOC properly denied Ms. Takahashi's claim as untimely. The timely filing of an administrative complaint is a prerequisite to bringing a civil action for damages under Title VII. *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980). As to Ms. Takahashi's claims based on 42 U.S.C. § 1983, if any, federal courts apply the statute of limitations of the forum state for personal injury claims. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Pursuant to Cal. Code of Civ. P. §335.1, the statute of limitations is two years. Prior to 2003, the statute of limitations was one year. *Id*. Ms. Takahashi failed to file this action within the relevant time period.

Similarly, Ms. Takahashi's state discrimination claims are untimely. California's Fair Employment and Housing Act ("FEHA") requires a complaint to be filed with the California Department of Fair Employment and Housing ("DFEH") within one year of the alleged unlawful practice. Cal. Gov't Code 12960(d). Ms. Takahashi was required to commence an action withing one year of the issuance of the DFEH right to sue letter. Cal. Gov. Code §12965(b). Ms. Takahashi admits that she exhausted her administrative remedies on August 17, 1983, "when the Supreme Court of the State of California denied a hearing on" Ms. Takahashi's petition against the Board of Education of the Livingston Union

---

[5] Because this Court dismisses Ms. Takahashi's claims on statute of limitations grounds, the Court does not reach the defendants' other arguments.

1  School District ("Board"). CV-09-1671 Takahashi Compl., ¶17. Ms. Takahashi failed to file her
2  discrimination claims within the applicable statutes of limitations.

3  Likewise, Ms. Takahashi's fraud and emotional distress claims are untimely. Under California
4  law, there was a three-year limitation period for Ms. Takahashi's fraud claims. Cal. Civ. P. Code
5  §338(d). A claim for intentional infliction of emotional distress is government by the one-year statute
6  of limitations for intentional torts, Cal. Civ. P. Code §340(c). *Magpali v. Farmers Group*, 48 Cal. App.
7  4th 471, 485 (1996). Alternatively, in California, claims for both intentional and negligent infliction of
8  emotional distress are governed by the statute of limitations for personal injury actions. *Billmeyer v.*
9  *Plaza Bank of Commerce*, 42 Cal. App. 4th 1086 (1995). As set forth above, the personal injury statute
10 of limitation was one year prior to 2003, and two years after 2003. *See Jones v. Blanas*, 393 F.3d 928,
11 927 (9th Cir. 2004). The two-year statute of limitations is not retroactive. *Id*. Even assuming the two-
12 year period applies, Ms. Takahashi's claims that arose in either 1980 or 1994 are time-barred.

13 Moreover, Ms. Takahashi cannot assert that the statutes of limitations could be tolled. Ms.
14 Takahashi clearly knew the basis of her claims at the time they arose, as established by her years of
15 litigation of those claims. *See, e.g., California Teachers Ass'n v. Governing Board*, 144 Cal. App. 3d
16 27, 30-32 (1983), *cert. denied*, 465 U.S. 1008, 104 S.Ct. 1003, 79 L.Ed. 2d 235 (1984); *Takahashi v.*
17 *Bd. of Educ. of Livingston Union Sch. Dist.*, 202 Cal. App. 3d 1464, 1468-71 (1988), *cert. denied*, 490
18 U.S. 1011, 109 S.Ct. 1654, 104 L.Ed. 2d 168 (1989); *Takahashi v. Bd. of Educ. Of Livingston Union*
19 *Sch. Dist.*, 783 F.2d 848 (9th Cir. 1986), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed. 545
20 (1986).

21 Under Fed. R. Civ. P. 15(a)(2), this Court generally gives leave to amend "freely" and "when
22 justice so requires," even if the plaintiff fails to request leave to amend. This Court may, in its
23 discretion, deny leave to amend when amendment of the claims would be futile. *Leadsinger, Inc. v. BMG*
24 *Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Because Ms. Takahashi's claims are barred by the
25 statutes of limitations, amendment to her complaint would be futile. Ms. Takahashi cannot state a claim
26 for which relief can be granted. Accordingly, dismissal with prejudice is appropriate.

27 **<u>CONCLUSION</u>**

28 For the foregoing reasons, this Court:

1. GRANTS the County defendants' motion to dismiss (Docs. 4,5,6) and DISMISSES with prejudice 09-CV-1669;
2. GRANTS the Union defendants' motion to dismiss (Doc. 4) and DISMISSES with prejudice 09-CV-1670;
3. GRANTS the School defendants' motion to dismiss (Doc. 5) and DISMISSES with prejudice 09-CV-1671;
4. DIRECTS the clerk of court to file this order on the docket of 09-CV-1669, 09-CV-1670, and 09-CV-1671;
5. DIRECTS the clerk of court to close 09-CV-1669; 09-CV-1670, and 09-CV-1671; and
6. VACATES the January 7, 2010, January 12, 2010; and February 22, 2010 hearings on these motions.

IT IS SO ORDERED.

**Dated:   January 4, 2010**                            /s/ Lawrence J. O'Neill
                                                  UNITED STATES DISTRICT JUDGE